UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

    v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER GRANTING MOTION TO STRIKE DECLARATION OF SERVICE

## I. INTRODUCTION

This matter comes before the Court on a motion to strike the declaration of service plaintiffs filed purporting to confirm service on defendant Peter Molyneux. The motion was filed by Carol Petraglia, the former executrix of the estate of Peter Molyneux and the person upon whom the summons and complaint were served. Petraglia argues that the declaration of service must be stricken for the following reasons: (1) Molyneux has been deceased for over three years, and any claim against him is invalid; (2) neither she nor the estate is a party to this action; (3) she is no longer the executrix of the estate; and (4) the estate's assets have been fully distributed and the administration of the estate has been complete for over a year.

## II. DISCUSSION

Molyneux died in 2005 and Petraglia, his sister, was appointed executrix of the estate.

ORDER GRANTING MOTION TO
STRIKE DECLARATION OF SERVICE - 1

The estate has been administered and was closed in April 2007 pursuant to New York state's probate procedures. Molyneux died before this case was filed. Therefore, the Court does not have jurisdiction over any claims against him and any judgment rendered against him would be invalid. See, e.g., Gordon v. Hillman, 102 Wash. 411, 418 (1918) (internal citation omitted). Plaintiffs knew that Molyneux was deceased when they named him as a defendant. Plaintiffs argue that the estate could be a proper party. Even if that were true, plaintiffs did not name the estate or Petraglia as defendants. Plaintiffs offer no authority to support their attempt to serve Molyneux by serving Petraglia. Nor have they sought to substitute a proper party. It appears that any belated attempt to substitute another party would be improper under Federal Rule of Civil Procedure 25(a)(1), which permits substitution if a party dies while an action is pending. Substitution under Rule 25 is not available when the death precedes the filing of the action. See e.g., Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969). Accordingly, the declaration of service regarding Molyneux is hereby stricken.

      Plaintiffs request leave to amend their complaint. They concede that the estate is now closed, and they are too late to obtain assets from the estate. Rather than seeking to reopen the estate, they seek to amend their complaint "to assert the surviving claims against Ms. Petraglia in her own name and the names of any other beneficiaries (if any) of assets not included in the estate or probated outside of the estate." Response at p. 2. Plaintiffs argue that Petraglia "is personally liable for such claims, as a fiduciary who distributed estate assets with knowledge of unsatisfied claims." Plaintiffs' Opposition at p. 1. Plaintiffs have not provided any factual support for their assertion that she was aware of unsatisfied claims, and it is countered by Petraglia's sworn declaration. Plaintiffs cite other litigation involving Molyneux, but have not explained how those actions gave Petraglia notice of these plaintiffs' claims. Plaintiffs have not cited any authority to show that they may proceed against the beneficiaries of a closed estate under these circumstances. Accordingly, any such amendment would be futile, and leave to amend is denied.

ORDER GRANTING MOTION TO
STRIKE DECLARATION OF SERVICE - 2

Petraglia moves for her attorney's fees and costs incurred in bringing this motion pursuant to RCW 4.28.185(5).  That statute provides, "In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees."  The statute appears inapplicable in this case because Petraglia is not a defendant, nor is she seeking fees on behalf of a defendant.  She moves pursuant to Rule 11, but has not satisfied Rule 11's requirements.  Fed. R. Civ. P. 11(c)(2).  However, the Court has the inherent authority to impose sanctions.  In addition, General Rule 3(d) specifically authorizes courts to impose sanctions on a party who, like plaintiffs, files "unwarranted oppositions to motions" or otherwise vexatiously increases the cost of litigation.  Plaintiffs acknowledge that they knew of Molyneux's death before they filed their complaint and that they erred in failing to correct the claims before they were filed.  Nevertheless, they refused to dismiss him as a party, filed a declaration of service, and opposed the obviously meritorious motion to strike the declaration of service.  Plaintiffs attempt to excuse their behavior by arguing that they could not ascertain the identity of the proper defendants, including the estate's beneficiaries, without information in Petraglia's possession.  This argument does not justify naming an improper party and forcing Petraglia to file this motion.  Plaintiffs should have conducted an investigation prior to filing the complaint, and if that investigation was inconclusive, they could have named Doe defendants.  Therefore, the Court will award sanctions against plaintiffs in the amount of the costs and fees Petraglia has reasonably incurred in filing her motion to strike and the reply.  Within thirty days of the date of this order, Petraglia shall file a statement of those costs and fees, including a declaration from counsel setting forth the fees charged and a brief description of the corresponding services.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion strike the declaration of

ORDER GRANTING MOTION TO
STRIKE DECLARATION OF SERVICE - 3

1  service regarding Molyneux (Dkt. #87).

DATED this 23rd day of May, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
STRIKE DECLARATION OF SERVICE - 4