UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER GRANTING IN PART THE MNS DEFENDANTS' MOTION FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the Court on the MNS defendants' motion for reconsideration of the Court's June 23, 2008 order granting in part and denying in part motions to dismiss filed by several defendants (Dkt. #118, the "Order"). The Order held that, despite the MNS defendants' contentions to the contrary, the Court had personal jurisdiction over them because plaintiffs asserted federal securities claims. Relevant case law provides for personal jurisdiction if a federal securities claim is brought in a proper district and the defendant had minimum contacts with the United States. Those factors were met in this case. The MNS defendants nevertheless argue that the Court lacks personal jurisdiction over them.

For the reasons set forth below, the Court grants the motion in part.

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 1

## II. DISCUSSION

MNS's motion addresses an issue that neither party addressed in its underlying briefing: whether the Court has personal jurisdiction over MNS once plaintiffs' federal securities claims have been dismissed as time barred. Those claims provided this Court with personal jurisdiction over MNS. The MNS defendants argue that because those claims have been dismissed, the Court lacks personal jurisdiction over them with respect to plaintiffs' remaining state law claims.

"Personal jurisdiction must exist for each claim asserted against a defendant." Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004). Originally, the Court asserted personal jurisdiction over MNS based on the federal securities claims, and pendent personal jurisdiction regarding the undisputedly related state law claims. In finding that personal jurisdiction existed, the Court relied on Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1314 (9th Cir. 1985). Although that reliance was correct, *Vigman* did not address whether personal jurisdiction exists for state law claims after the federal claims have been dismissed. There is scant authority on that issue. MNS has cited an unpublished case that noted that Section 27 of the Securities Exchange Act of 1934 did not provide personal jurisdiction over defendants after the federal securities claims had been dismissed. Wickes Lumber Co. v. Fynsyn Capital Corp., 1995 WL 79159 (M.D. Fla. 1995). In a published decision, another district court decision described a circumstance analogous to the matter before the Court:

> When a federal statute authorizes nationwide service of process, and the remaining state law claims arise from the same nucleus of operative facts, the court may exercise pendent personal jurisdiction to adjudicate state claims that are properly within the court's subject matter jurisdiction . . . as long as the federal claim is not wholly immaterial or insubstantial. However, if the court were to later determine that the federal claim(s) should be dismissed against a defendant, the state claims against that defendant would also have to be dismissed, unless another basis for asserting personal jurisdiction exists.

D'Addario v. Geller, 264 F. Supp. 2d. 367, 387-88 (E.D. Va. 2003) (internal citation and

quotation omitted).[1] The Court finds the reasoning in *D'Addario* persuasive.

Similarly, in this case, now that the federal claims have been dismissed, they can no longer provide a basis for asserting pendent personal jurisdiction over MNS for the state law claims. Plaintiff argues that the Court is already exercising pendent jurisdiction with respect to the state law claims. However, there is no remaining claim "in the same suit" to which jurisdiction can be pendent. Moreover, plaintiffs have not cited any authority supporting their position. Accordingly, the Court grants the MNS defendants' motion for reconsideration in part and finds that plaintiffs must establish an independent basis for asserting personal jurisdiction over the MNS defendants.

However, the Court does not find, based on the current record, that plaintiffs have not met their burden of establishing personal jurisdiction. Since the Court issued the Order, plaintiffs have filed a second amended complaint that contains additional jurisdictional allegations. The MNS defendants have moved to dismiss the claims in the second amended complaint, in part due to lack of personal jurisdiction. Accordingly, the Court will rule on the personal jurisdiction issue in the context of that motion, with the benefit of complete briefing based on the allegations in the second amended complaint.[2]

### III. CONCLUSION

For all of the foregoing reasons, the MNS defendants' motion for reconsideration

---

[1] Although *D'Addario* involved a RICO claim, RICO contains analogous nationwide service of process provisions. See, e.g., Action Embroidery Corp., 368 F.3d at 1179 (noting the similarities among the special venue and nationwide service provisions in RICO, Section 27 of the Securities Exchange Act and Section 12 of the Clayton Act).

[2] The Court has not considered MNS's "supplemental reply" in support of its motion. The Court's rules do not permit "supplemental" memoranda; considering those filings without the Court's permission or agreement of the parties would give one party an unfair advantage.

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 3

1
2  (Dkt. #122) is GRANTED IN PART.
3
4          DATED this 12th day of September, 2008.
5
6                                          /s/ Robert S. Lasnik
7                                          Robert S. Lasnik
                                           United States District Judge
8
...

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 4