UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER GRANTING IN PART THE ENTERPRISE DEFENDANTS' MOTION FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the Court on the Enterprise defendants' motion for reconsideration of the Court's June 23, 2008 order granting in part and denying in part motions to dismiss filed by several defendants (Dkt. #118, the "Order"). The Order held that the Court had personal jurisdiction over the Enterprise defendants because plaintiffs asserted federal securities claims. Relevant case law provides for personal jurisdiction if a federal securities claim is brought in a proper district and the defendant had minimum contacts with the United States. Those factors were met in this case. The Enterprise defendants nevertheless argue that the Court lacks personal jurisdiction over them.

For the reasons set forth below, the Court grants the motion in part.

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 1

## II. DISCUSSION

As an initial matter, the Court considers the timeliness of Enterprise's motion. Local Rule 7(h) requires that a motion for reconsideration must be filed within ten judicial days following the order to which it relates. Enterprise's motion was not filed within ten days of the Order. The Local Rule, however, provides that the failure to comply with the timing provision "may" constitute grounds to deny the motion. Local Rule 7(h). The Court therefore has discretion to consider a late-filed motion. It exercises that discretion in this case, particularly because plaintiffs have stipulated to waive their objection as to the timeliness of the motion. (Dkt. #130). Indeed, denying the motion on timeliness grounds would serve no purpose, as the Court can reconsider the issue of personal jurisdiction at any time. See, e.g., Dressar v. Bank of Am. Nat'l Trust and Savings Ass'n, 353 F.2d 468, 470 (9th Cir. 1965). Having found that Enterprise's motion is timely, the Court considers its merits.

Enterprise's motion addresses an issue that neither party addressed in its underlying briefing: whether the Court has personal jurisdiction over Enterprise once plaintiffs' federal securities claims have been dismissed as time barred. Those claims provided this Court with personal jurisdiction over Enterprise. The Enterprise defendants argue that because those claims have been dismissed, the Court lacks personal jurisdiction over them with respect to plaintiffs' remaining state law claims.

"Personal jurisdiction must exist for each claim asserted against a defendant." Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004). Originally, the Court asserted personal jurisdiction over Enterprise based on the federal securities claims, and pendent personal jurisdiction regarding the undisputedly related state law claims. The exercise of pendent personal jurisdiction is within the discretion of the district court. 28 U.S.C. § 1367; United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002). In finding that personal jurisdiction existed, the Order relied on *Securities Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1314 (9th Cir. 1985). Although that reliance was correct, *Vigman* did

not address whether personal jurisdiction exists for state law claims after the federal claims have been dismissed. There is scant authority on that issue. Enterprise has cited an unpublished case that noted that Section 27 of the Securities Exchange Act of 1934 did not provide personal jurisdiction over defendants after the federal securities claims had been dismissed. <u>Wickes Lumber Co. v. Fynsyn Capital Corp.</u>, 1995 WL 79159 (M.D. Fla. 1995). In a published decision, another district court decision described a circumstance analogous to the matter before the Court:

> When a federal statute authorizes nationwide service of process, and the remaining state law claims arise from the same nucleus of operative facts, the court may exercise pendent personal jurisdiction to adjudicate state claims that are properly within the court's subject matter jurisdiction . . . as long as the federal claim is not wholly immaterial or insubstantial. However, if the court were to later determine that the federal claim(s) should be dismissed against a defendant, the state claims against that defendant would also have to be dismissed, unless another basis for asserting personal jurisdiction exists.

<u>D'Addario v. Geller</u>, 264 F. Supp. 2d. 367, 387-88 (E.D. Va. 2003) (internal citation and quotation omitted);[1] <u>see also</u> <u>Botefuhr</u>, 309 F.3d at 1274 (holding that once plaintiff voluntarily dismissed the claim that provided a basis for personal jurisdiction, the district court abused its discretion in holding that it continued to have pendent personal jurisdiction over the defendants for the remaining claims); 4A Wright & Miller, Federal Practice & Procedure, § 1069.7 (2008) ("Of course, if the only jurisdictionally sufficient claim is dropped or dismissed, particularly if that occurs early in the litigation, the pendent claim should be dismissed as well"). The Court finds the reasoning in these authorities persuasive.

Similarly, in this case, now that the federal claims have been dismissed, they no longer provide a basis for asserting pendent personal jurisdiction over Enterprise for the state law claims. There is no remaining claim "in the same suit" to which jurisdiction can be pendent. Moreover, plaintiffs have not cited any persuasive authority supporting their position. Although

---

[1] Although *D'Addario* involved a RICO claim, RICO contains analogous nationwide service of process provisions. <u>See, e.g.</u>, <u>Action Embroidery Corp.</u>, 368 F.3d at 1179 (noting the similarities among the special venue and nationwide service provisions in RICO, Section 27 of the Securities Exchange Act and Section 12 of the Clayton Act).

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 3

they rely on *Rosado v. Wyman*, 397 U.S. 397, 404-05 (1970), that case involved subject matter jurisdiction rather than a challenge to the existence of personal jurisdiction. Rosado, 397 U.S. at 402 (considering the "threshold question of whether subject matter jurisdiction was vested"). Accordingly, the Court grants the Enterprise defendants' motion for reconsideration in part, declines to exercise pendent personal jurisdiction over the state law claims, and finds that plaintiffs must establish an independent basis for asserting personal jurisdiction over the Enterprise defendants.

However, the Court does not find, based on the current record, that plaintiffs have not met their burden of establishing personal jurisdiction. Since the Court issued the Order, plaintiffs have filed a second amended complaint that contains additional jurisdictional allegations. The Enterprise defendants have moved to dismiss the claims in the second amended complaint, in part due to lack of personal jurisdiction. Accordingly, the Court will rule on the personal jurisdiction issue in the context of that motion, with the benefit of complete briefing based on the allegations in the second amended complaint.

### III. CONCLUSION

For all of the foregoing reasons, the Enterprise defendants' motion for reconsideration (Dkt. #131) is GRANTED IN PART.

DATED this 12th day of September, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR RECONSIDERATION - 4