UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

Defendants.

Case No. C07-2046RSL

ORDER GRANTING MOTION
TO AMEND AND IMPOSING
SANCTIONS

This matter comes before the Court on plaintiffs' motion for leave to amend their second amended complaint and to file a third amended complaint. Plaintiffs seek to amend the current allegation that the Clark Nuber defendants represented them "until at least February 25, 2003" to "until at least May 23, 2006." The proposed change is significant because it affects whether some of plaintiffs' claims against the Clark Nuber defendants are barred by the applicable statutes of limitations.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

This motion presents a close call. Plaintiffs argue that inclusion of the incorrect date was

ORDER GRANTING MOTION TO
AMEND AND IMPOSING SANCTIONS - 1

1 a minor error resulting from an oversight. The mistake is not a minor typographical error.
2 Instead, it is yet another example of plaintiffs' carelessness and inattention to key details in this
3 case. Plaintiffs have already amended their complaint twice. After plaintiffs filed their first
4 amended complaint, the Clark Nuber defendants moved to dismiss most of plaintiffs' claims as
5 time barred. The Court dismissed many of plaintiffs' claims on that basis with leave to amend
6 (Dkt. #118, the "Order"). The Order explicitly noted that although plaintiffs alleged in their
7 memoranda that the Clark Nuber defendants continued to represent them during the limitations
8 period, their first amended complaint contained no such allegation. Despite that clear
9 admonition, plaintiffs' second amended complaint did not allege that the Clark Nuber defendants
10 continued to represent plaintiffs during the limitations period. As a result, the Clark Nuber
11 defendants filed a second motion to dismiss, again arguing that the claims are time barred. Only
12 after receiving that motion did plaintiffs attempt to correct the error. Initially, they filed a
13 praecipe to correct the error, which was clearly improper. After the Clark Nuber defendants
14 understandably objected, plaintiffs moved to amend their complaint for a third time.

15 Plaintiffs should have included the allegedly correct date of the representation in an
16 earlier version of their complaint. The timing of the representation was within their knowledge
17 before they filed this lawsuit. Moreover, they have wasted judicial resources by continuing to
18 file insufficient complaints. Their conduct has also subjected the Clark Nuber defendants to
19 needless expense and significantly delayed resolution of this action.

20 However, public policy favors resolving claims on the merits. If the Court were to deny
21 the motion to amend, most of plaintiffs' claims would be dismissed as time barred. The Court is
22 reluctant to effectively dismiss claims because of pleading mistakes, even if the mistakes are
23 egregious and have vexatiously and needlessly increased the burdens and costs of this litigation.
24 Furthermore, the prejudice to the Clark Nuber defendants has been lessened because they
25 received notice of plaintiffs' continuing representation defense through the last round of motions
26 to dismiss. There is no evidence of bad faith. Finally, the Clark Nuber defendants argue that the

amendment would be futile because plaintiffs rely on an invoice to show that the representation continued, but that invoice does not support their claim. Documentary evidence is not required to counter a claim of futility. Moreover, the invoice shows that Clark Nuber professionals continued to perform work for the Malones until May 2006. The Court will not require more than that at this stage of the proceedings.[1]

Accordingly, the Court GRANTS plaintiffs' motion to amend (Dkt. #189) and will permit plaintiffs to file a third amended complaint solely to amend the date of Clark Nuber's representation. The third amended complaint must be filed in the docket within ten days of the date of this order. Now that plaintiffs have been given three opportunities to amend their complaint, they will not be permitted to amend their complaint again absent extraordinary circumstances.

After plaintiffs file their third amended complaint, the Clark Nuber defendants may file another motion to dismiss.[2] Plaintiffs' contention that the Clark Nuber defendants should not be permitted to file another motion to dismiss ignores the fact that another motion is needed solely because of plaintiffs' carelessness and delay. The Clark Nuber defendants were justified in assuming that after receiving the Order, plaintiffs' failure to update the 2003 representation date was intentional. As a result, they filed a motion to dismiss arguing that plaintiffs' claims were time barred. The Clark Nuber defendants note that if plaintiffs had alleged that representation continued until May 2006, they would have filed "quite a different motion to dismiss, arguing many alternative grounds for dismissal rather than the statute of limitations." Response at p. 7. Accordingly, the Court STRIKES without prejudice the Clark Nuber defendants' motion to

---

[1] However, if Clark Nuber files a motion to dismiss the third amended complaint, plaintiffs should be prepared to argue specifically how *each one* of the Clark Nuber defendants continued to represent them during the limitations period.

[2] The Clark Nuber defendants should ensure that their subsequent filings comply with the formatting rules in Local Rule 10, including using 12 point font and double spacing.

ORDER GRANTING MOTION TO
AMEND AND IMPOSING SANCTIONS - 3

1 dismiss the second amended complaint (Dkt. #150) and permits them to file another motion to
2 dismiss. As for the other defendants' pending motions to dismiss, the Court will construe those
3 filings as moving to dismiss the third amended complaint. The amendment of the representation
4 date does not affect the allegations against the other defendants, so they need not refile their
5 motions. Furthermore, the previously-ordered stay of discovery (Dkt. #179) will continue until
6 after the Court rules on the motions to dismiss, including any motion to dismiss the third
7 amended complaint.

The Clark Nuber defendants request that the Court award them, at a minimum, the costs and fees they incurred in responding to the motion to amend. For all of the reasons set forth above, the Court finds that sanctions are warranted pursuant to General Rule 3. The Clark Nuber defendants would not have had to incur the burden and expense of responding to the praecipe and motion to amend if plaintiffs had exercised minimal care and included the correct date after three chances to do so. Nor would they have to rework and refile their motion to dismiss. Although the Court will not award fees for the bulk of the work on defendants' motion to dismiss, the Court will consider awarding fees for the amount of time wasted in drafting arguments that are no longer applicable after the amendment. Within twenty days of the date of this order, the Clark Nuber defendants shall file a statement of their reasonable costs and fees incurred in opposing plaintiffs' praecipe and motion to amend, and in drafting portions of the motion to dismiss that are no longer applicable. The statement should include a declaration that sets forth counsel's hourly rate, the amount of time expended, and the tasks performed. Plaintiffs and their counsel shall be jointly and severally liable for paying the costs and fees.

DATED this 5th day of January, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
AMEND AND IMPOSING SANCTIONS - 4