UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss and "supplemental" motion to dismiss filed by defendant Enterprise Financial Services (collectively, "Enterprise").[1] Plaintiffs Michael and Barbara Malone allege that the defendants, who include Enterprise and other entities and individuals too numerous to list, defrauded them into participating in an abusive tax shelter called the "Coastal Trading Common Trust Fund Series III" and the "Coastal Trading Common Trust Fund Series IV" (collectively, "CTF"). The IRS ultimately disallowed CTF and imposed penalties and interest on plaintiffs, which they now seek to recover from defendants. Plaintiffs also seek to recover the fees they paid to defendants for professional services that,

---

[1] The motions were also filed by Paul Vogel, a former president of one of Enterprise's subdivisions, who plaintiffs subsequently voluntarily dismissed as a defendant. Dkt. #167.

ORDER GRANTING
MOTION TO DISMISS - 1

1 accordingly to plaintiffs, were performed negligently or not at all.

2 For the reasons set forth below, the Court grants Enterprise's motion to dismiss and
3 denies the supplemental motion to dismiss as moot.[2]

## II. DISCUSSION

**A. Background Facts.**

The facts relevant to this motion were set forth in the Court's June 23, 2008 order granting in part and denying in part motions to dismiss filed by several defendants (Dkt. #118, the "Order") and will not be repeated here. Enterprise is a Missouri corporation. Plaintiffs allege that Enterprise, through its Enterprise Trust division, acted as the trustee for the grantor trust and for the Coastal Trading Common Trust Fund Series III. Third Amended Complaint at ¶ 259. They further allege that Enterprise executed a Revocable Trust Agreement in which it agreed to maintain appropriate records of the property held in the trust. Plaintiffs contend that Enterprise concealed the fact that the loan underlying the investment was a sham. Id. at ¶ 262.

In the Order, the Court asserted personal jurisdiction over Enterprise based on plaintiffs' federal securities claims, and pendent personal jurisdiction regarding the undisputedly related state law claims. In a subsequent order, the Court explained that once the federal claims were dismissed, they can no longer provide a basis for asserting pendent personal jurisdiction over defendants for the state law claims. The Court explained that plaintiffs must establish an independent basis for asserting personal jurisdiction over the defendants.

Plaintiffs subsequently filed a second amended complaint. After defendants moved to dismiss the second amended complaint, plaintiffs moved to file a third amended complaint to amend the date that the Clark Nuber defendants allegedly represented plaintiffs. The Court granted plaintiffs leave to file the third amended complaint. Because the third amended

---

[2] The Court previously heard oral argument in this matter on May 12, 2008. Because the current motion presents many of the same issues, and because it can be decided on the parties' memoranda, supporting documents, and the remainder of the record, Enterprise's request for oral argument is denied.

ORDER GRANTING
MOTION TO DISMISS - 2

complaint did not alter any of the allegations against Enterprise, the Court did not order it to refile its motion to dismiss. Rather, the Court construes Enterprise's motion to dismiss as directed towards the third amended complaint.

**B.     Personal Jurisdiction.**

Enterprise contends that plaintiffs have not established that this Court has personal jurisdiction over it. Plaintiffs have the burden of making a *prima facie* showing of personal jurisdiction. See, e.g., Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir. 1991) (internal citation omitted). On a motion to dismiss for lack of personal jurisdiction, the Court must assume that the allegations in the complaint are true. See, e.g., Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

The exercise of jurisdiction must comport with the state's long arm statute, and with the constitutional requirement of due process. See Omeluk v. Langsten Slip & Batbyggeri, 52 F.3d 267, 269 (9th Cir. 1995) (internal citation omitted). "Because the Washington long arm statute reaches as far as the Due Process Clause, all we need to analyze is whether the exercise of jurisdiction would comply with due process." Id. (internal citations omitted). For a forum state to have personal jurisdiction over an out-of-state defendant, that defendant must "have certain minimum contacts with the forum state, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The due process requirements ensure that individuals have "fair warning that a particular activity may subject [them] to jurisdiction of a foreign sovereign." Shaffer v. Heitner, 433 U.S. 186, 218 (1977).

Where, as in this case, general jurisdiction is lacking, a court may nevertheless exercise "limited" or "specific" personal jurisdiction depending upon "the nature and quality of the defendant's contacts in relation to the cause of action." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The Ninth Circuit utilizes a three-part test to

determine whether due process allows for the exercise of specific jurisdiction: "(1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable." Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991) (emphasis removed).

The purposeful availment inquiry requires an evaluation of whether the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1485 (9th Cir. 1993). This element may be met if "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents. . . . It is not required that a defendant be physically present within, or have physical contact with, the forum, provided that his efforts are purposefully directed toward forum residents." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (internal citations omitted); see also Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989) (explaining that the first prong is met if defendants "purposefully directed their activities toward or consummated some transaction with the forum or residents thereof").

In this case, plaintiffs have not alleged that Enterprise had any physical presence in the state. Instead, they allege two theories to establish personal jurisdiction over Enterprise. First, they allege that Enterprise purposefully directed its activities towards plaintiffs in Washington by using the MNS defendants and the Clark Nuber defendant as their agents. "Each defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984). Although the Court can consider the contacts of an agent, the Court is not required to accept plaintiffs' legal conclusion – that an agency relationship existed – as true. See, e.g., Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Plaintiffs have not alleged either of the required elements of agency in Washington – mutual consent and control of

the agent by the principal.³  See, e.g., Barker v. Skagit Speedway, Inc., 119 Wn. App. 807, 814 (2003).  Without those allegations, their claim of an agency relationship, and personal jurisdiction flowing from that relationship, fails.

Second, plaintiffs contend that Enterprise purposefully availed itself of conducting business in Washington by entering into a contract with Malone.  That issue presents a closer call.  The fact that Enterprise agreed to act as the trustee on an on-going basis weighs in favor of finding purposeful availment.  Pursuant to the contract, it was obligated to "maintain appropriate records of property held in the Trust estate . . . and provide Grantor with periodic statements of income and principal transactions."  Third Amended Complaint at ¶ 262.  However, a party's contract with an out-of-state entity is not sufficient by itself to establish personal jurisdiction.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985).  Rather, the Court considers the parties' prior negotiations, contemplated future consequences of the contract, the terms of the contract, and the parties' actual course of dealing to determine whether Enterprise purposefully established minimum contacts with Washington.  Id. at 479.  In this case, plaintiffs do not allege that the parties engaged in any negotiations.  Although the complaint generally alleges that Enterprise solicited plaintiffs via Clark Nuber, Enterprise has filed a declaration stating that it did not solicit Malone.  Instead, Malone solicited Enterprise.  Declaration of Paul Vogel, (Dkt. #22) ("Vogel Decl.") at ¶ 5.  The Court is not required to accept plaintiffs' bare allegations if defendant controverts them with evidence.  See, e.g., AT & T v. Campagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); see also Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967) (explaining that mere allegations are insufficient to establish personal jurisdiction if they are contradicted by affidavits).  A party cannot be haled into court based on

---

³ Plaintiffs rely on *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir. 2001) for the proposition that for purposes of establishing personal jurisdiction, the acts of an agent can be attributed to the principal.  In *Myers*, however, plaintiff filed a declaration setting forth facts that established a *prima facie* case of apparent authority.  Myers, 238 F.3d at 1073 n.2.  Despite filing thousands of pages of documents, plaintiffs in this case have presented no such evidence.

ORDER GRANTING
MOTION TO DISMISS - 5

the unilateral activity of a third party, such as Malone's solicitation of Enterprise. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984).

The fact that Enterprise had an on-going duty to serve as trustee is the strongest factor in favor of finding personal jurisdiction. Despite that obligation, it appears from the contract that its duties were primarily ministerial. Enterprise performed all of the work contemplated under the contract in Missouri. Vogel Decl. at ¶ 9. Plaintiffs contend that Enterprise sent them periodic financial documents, but the only document they cite in support of that allegation is a letter *from the MNS defendants* to plaintiffs. Third Amended Complaint, Ex. 28. Plaintiffs have not identified any documents Enterprise sent them, when they were issued, or who sent them. In fact, plaintiffs have not alleged that Enterprise had any contact with plaintiffs after the solitary initial solicitation. Unlike their allegations regarding the MNS defendants, plaintiffs have not alleged that Enterprise engaged in contract-related negotiations with Malone in Washington, regularly communicated with him in Washington, or regularly conveyed CTF-related documents to plaintiffs in Washington.

In addition to entering into a contract, plaintiffs allege that Enterprise assisted the Clark Nuber defendants in preparing the October 31, 2001 memorandum that summarized CTF, misrepresented the transaction, and induced the Malones to invest in CTF. Third Amended Complaint at ¶ 128, 289. Enterprise has not disclaimed that activity. However, plaintiffs allege that Clark Nuber, not Enterprise, transmitted the document to Malone. Although they claim that Clark Nuber did so as an agent for Enterprise, they have not pled the elements of an agency relationship. Nor have plaintiffs alleged that Enterprise knew that Clark Nuber and Malone were Washington residents. Therefore, plaintiffs have not shown that Enterprise purposefully availed itself of the privilege of conducting business in Washington.

Having found that plaintiffs have not shown that the Court has personal jurisdiction over Enterprise, the Court considers plaintiffs' request to permit them to conduct jurisdiction-related discovery. A court "may allow discovery to aid in determining whether it has *in personam* or

subject matter jurisdiction." Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977). Whether to permit such discovery is "generally left to the discretion of the trial court." Id. Plaintiffs have not specifically identified the discovery they seek to conduct or the facts they hope to uncover. Moreover, for the most part, their failure to establish personal jurisdiction is the result of inadequate pleading, not controverted facts. The only disputed fact is whether Enterprise solicited Malone or vice versa. However, as set forth above, Enterprise filed a sworn declaration stating that Malone solicited Enterprise. Despite the fact that Malone could have contested that declaration with one of his own, plaintiffs filed nothing to controvert that evidence. Plaintiffs have not cited any authority to show that discovery is warranted where plaintiffs have failed to plead the requisite jurisdictional facts. That failure is all the more egregious in this case because plaintiffs have had four chances to plead facts sufficient to establish personal jurisdiction, yet they have failed to do so every time. In light of that repeated failure, the Court will not permit plaintiffs to conduct unspecified discovery that would no doubt lead to an attempt to amend the complaint yet again.

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Enterprise's motion to dismiss for lack of personal jurisdiction (Dkt. #151) and DENIES Enterprise's supplemental motion to dismiss (Dkt. #155) as moot. Plaintiffs' claims against Enterprise are dismissed for lack of personal jurisdiction.

DATED this 23rd day of February, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 7