UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

    v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING A&D

This matter comes before the Court on plaintiffs' motion for reconsideration of the Court's February 23, 2009 order granting a motion to dismiss filed by defendants Ahrens & DeAngeli and Edward Ahrens (collectively, "A&D"). See Dkt. #205, the "Order." "Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

As an initial matter, plaintiffs rely on out of circuit and older case law to support their assertion that the 12(b)(6) motion should not have been granted unless they could prove no set of facts that would entitle them to relief. Plaintiffs' Motion at p. 2 (citing, *inter alia*, cases from the Fifth Circuit, from out of circuit district courts, and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the Supreme Court has recently held that "*Conley*'s 'no set of facts' language

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

has been questioned, criticized, and explained away long enough." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007) (explaining that the "phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Rather, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

Plaintiffs argue that the Court committed manifest error by concluding that the discovery rule did not toll the statute of limitations for plaintiffs' claims.[1] Plaintiffs make many of the same arguments they made in opposition to the motion; the Court will not address those arguments again. Plaintiffs also misrepresent the record. They argue that the "Court has already found that the Third Amended Complaint states a sufficient cause of action for breach of fiduciary duty against the Clark Nuber defendants." Plaintiffs' Motion at p. 5. The Clark Nuber defendants have a motion to dismiss pending, and the Court has not yet addressed the sufficiency of the claims in the third amended complaint as to them. Plaintiffs also argue that it was "manifest error for the Court to conclude [plaintiffs] were on inquiry notice even before the IRS was aware of the sham loan." Id. Plaintiffs' conjecture about what the IRS knew and when they knew it is nothing more than unsupported speculation.

For all of the foregoing reasons, plaintiffs' motion for reconsideration (Dkt. #209) is DENIED.

DATED this 11th day of March, 2009.

Robert S. Lasnik
United States District Judge

---

[1] The Order also dismissed plaintiffs' breach of contract claim for failure to state a claim upon which relief can be granted. Plaintiffs do not seek reconsideration of that holding.

ORDER DENYING MOTION
FOR RECONSIDERATION - 2