UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by Clark Nuber, P.S., Thomas Sedlock, and James Dubeck (collectively, "Clark Nuber"). Plaintiffs Michael and Barbara Malone allege that the defendants, who include Clark Nuber and other entities and individuals too numerous to list, designed, promoted, and defrauded them into participating in an abusive tax shelter called the "Coastal Trading Common Trust Fund Series III" and the "Coastal Trading Common Trust Fund Series IV" (collectively, "CTF"). The IRS ultimately disallowed CTF and imposed penalties and interest on plaintiffs, which they now seek to recover from defendants. Plaintiffs also seek to recover the fees they paid to defendants for professional services that, accordingly to plaintiffs, were performed negligently or not at all.

For the reasons set forth below, the Court grants in part and denies in part Clark Nuber's

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 1

motion to dismiss.[1]

## II. DISCUSSION

**A.   Background Facts.**

The facts relevant to this motion were set forth in the Court's June 23, 2008 order granting in part and denying in part motions to dismiss filed by several defendants (Dkt. #118, the "Order") and will not be repeated here. Plaintiffs allege that Clark Nuber, Dubeck, and Sedlock (an attorney), committed malpractice and fraud by advising plaintiffs to invest in CTF rather than engage in other tax planning to reduce his tax liability following the sale of Malone's business. Plaintiffs' Opposition at p. 6 (citing Third Amended Complaint at ¶¶ 28-33).

The Order dismissed with prejudice plaintiffs' claims for federal securities violations, violations of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et seq.*, and their Washington Consumer Protection Act claims. The Order also dismissed some of plaintiffs' other claims with leave to amend. The Court exercised supplemental jurisdiction over plaintiffs' remaining state law claims.

Plaintiffs subsequently filed a second amended complaint. After defendants moved to dismiss the second amended complaint, plaintiffs moved to file a third amended complaint to amend the date that the Clark Nuber defendants allegedly represented plaintiffs. The Court granted plaintiffs leave to file the third amended complaint and it now considers the allegations therein.

**B.   Timeliness of Plaintiffs' Claims.**

Clark Nuber's motion requests that the Court dismiss all of plaintiffs' claims as time barred except their claim for breach of contract. Most of the actions which underlie plaintiffs' claims occurred in 2001, but plaintiffs did not file their initial complaint until September 7,

---

[1] The Court previously heard oral argument in this matter on May 12, 2008. Because the current motion presents many of the same issues, and because it can be decided on the parties' memoranda, supporting documents, and the remainder of the record, Clark Nuber's request for oral argument is denied.

2007.  As set forth in the Order, all of plaintiffs' remaining state law claims have three-year statutes of limitations except their claim for breach of a written contract, which has a six-year statute of limitations pursuant to RCW 4.16.040.  Plaintiffs do not dispute these limitations periods but argue that their claims are timely because the applicable statutes of limitations are tolled under the discovery rule and the doctrine of continuing representation.  Plaintiffs allege that Clark Nuber continued to represent them on the CTF matter until at least May 23, 2006, which was within the limitations period for all of the remaining claims.  Third Amended Complaint at ¶ 6.  Courts have applied the doctrine of continuing representation to toll claims against attorneys, accountants, physicians, and other fiduciaries.  See, e.g., Hermann v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 17 Wn. App. 626 (1977).  Clark Nuber does not dispute that the doctrine could be applied to them.

The continuous representation doctrine tolls the statute of limitations until the end of the professional's representation on the same matter in which the alleged malpractice occurred; it does not toll the statute of limitations until the professional relationship ends.  See, e.g., Janicki Logging & Constr. Co., Inc., 109 Wn. App. 655, 663-64 (2001).  Clark Nuber strenuously argues that it did not represent plaintiffs on the CTF matter within the limitations period.  Resolution of that issue turns on the scope of the matter.  Malone hired Clark Nuber to provide "an analysis of the tax consequences of the proposed investment."  Clark Nuber's Motion, Ex. A.  Clark Nuber provided that analysis, which included advice regarding reporting gains or losses on Malone's tax returns over the next five years.  Third Amended Complaint, Ex. 7.

Clark Nuber argues that the third amended complaint only alleges that it provided Malone advice in 2001 and performed limited functions related to CTF in December 2002 and February 2003.  Plaintiffs have appended to their third amended complaint Clark Nuber's billing records showing that the firm continued to provide professional services to him until May 2006.  The invoice shows that in 2006, Clark Nuber worked on plaintiff's amended 2001 tax return.  Clark Nuber argues that even if it did so, each tax return is a discrete engagement, and the 2006 work

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 3

was only "'tangentially related'" to providing advice regarding CTF. Clark Nuber's Motion at p. 4 (quoting <u>Foxborough v. Van Atta</u>, 26 Cal. App. 4th 217, 229 (Cal. Ct. App. 1994)). The Court would agree with Clark Nuber if it merely continued to prepare plaintiffs' subsequent tax returns. However, plaintiffs have alleged that Clark Nuber continued to advise plaintiffs regarding CTF-related matters. Plaintiffs contends that as part of the CTF scheme, Clark Nuber prepared plaintiffs' 2001 tax return claiming deductions related to CTF, continued to claim CTF deductions on Malone's tax returns through the 2004 return, and in 2006, assisted Malone in filing an amended 2001 return. It is reasonable for the Court to infer that the filing of the amended return in 2006 was to correct representations related to CTF. For purposes of this motion, plaintiffs have shown that Clark Nuber's subsequent actions were sufficiently intertwined with advising plaintiffs regarding the tax consequences of CTF.

Clark Nuber argues that the billing records do not contain entries for work by Sedlock and Dubeck. In response, plaintiffs have provided a copy of a December 2004 e-mail from Dubeck to Malone's asset manger explaining the implications to CTF of a new law. Similarly, in March 2005, Sedlock advised Malone to hire an attorney regarding the transaction. Although Clark Nuber argues that Sedlock performed that work as Malone's friend, the Court cannot assume that unsupported representation is true for purposes of this motion.

Clark Nuber also contends that any continuous representation ended when plaintiffs hired other professionals to represent them in contesting the IRS challenge and negotiating a settlement. Plaintiffs' argument for application of the doctrine would be stronger if Clark Nuber represented them in the IRS audit and settlement negotiations. The fact that they did not do so, however, does not defeat application of the doctrine if Clark Nuber continued to represent plaintiffs on the matter in other ways. Although plaintiffs retained other professionals, they argue that Clark Nuber also represented them. Plaintiffs did not hire other accountants. Moreover, Malone states that he did not hire a tax attorney until March 2005. Even if that engagement ended Clark Nuber's representation, it occurred within the limitations period.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 4

1       Clark Nuber further argues that for policy reasons, the continuous representation doctrine should not apply because they did not have an opportunity to correct their alleged malpractice. However, "while giving attorneys the opportunity to correct their mistakes was an important justification for the rule, the primary motivation was to protect clients, not attorneys." De May v. Moore & Bruce, LLP, 584 F. Supp. 2d 170, 184 (D.D.C. 2008) (explaining that "the primary purpose of the rule is to avoid placing a client in the untenable position of suing his attorney while the latter continues to represent him") (internal citation and quotation omitted); see also Burns v. McClinton, 135 Wn. App. 285, 294 (2006). Similarly, in this case, application of the doctrine could further its purpose. Otherwise, plaintiffs would have had to sue Clark Nuber while simultaneously seeking their assistance in correcting the 2001 tax return. Accordingly, the third amended complaint sufficiently alleges facts to show that the statute of limitations could be tolled by the continuous representation doctrine.[2]

**C.     Sufficiency of the Allegations.**

      Clark Nuber contends that even if plaintiffs' claims are timely, they fail to state a claim and are inadequately pled. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (internal citation and quotation omitted).

      The Court denied Clark Nuber's previous motion to dismiss plaintiffs' claims for breach

---

[2] The Court need not address plaintiffs' contention that the statutes of limitations are tolled by the discovery rule.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 5

of fiduciary duty, fraud, and misrepresentation.[3] Clark Nuber renews its arguments to dismiss those claims. Although the Order addressed an earlier version of the complaint, the allegations are essentially the same; the Order set forth the reasons why those allegations are sufficient at this stage in the proceedings.

The Court dismissed plaintiffs' claims for constructive trust and unjust enrichment with leave to replead. Plaintiffs have not defended those claims and appear to have abandoned them. Those claims fail as a matter of law for the reasons set forth in the Order. Moreover, plaintiffs did not respond to Clark Nuber's argument that their claim for professional negligence must fail to the extent it is based on alleged violations of codes of professional responsibility. Those codes do not provide for a private remedy. Accordingly, any professional negligence claim based on an alleged violation of a code of professional responsibility is dismissed.[4]

### 1. Breach of Contract.

The Order dismissed plaintiffs' claims for breach of an oral contract and breach of the duty of good faith and fair dealing. Plaintiffs have not repled those claims or supported them, and they are now dismissed with prejudice. Similarly, the Court dismisses plaintiffs' claim that Clark Nuber breached the subscription agreements because plaintiffs do not allege, nor do the appended documents show, that Clark Nuber was a party to those agreements.

The Order denied Clark Nuber's request to dismiss plaintiffs' claim for breach of a written contract. The Court will not reconsider that ruling now, although Clark Nuber can move

---

[3] Clark Nuber also requests that the Court strike paragraph 337 of the third amended complaint because it lists numerous allegations attributable to all defendants without specifying which defendant engaged in each act of wrongful conduct. The Court will not strike the paragraph because plaintiffs are entitled to make those allegations. However, such broad allegations are subject to the strictures of Rule 11.

[4] Clark Nuber also argues that plaintiffs' negligent misrepresentation claim fails for the same reason their fraud claims fail: for failure to state the claims with particularity. Because the Court has declined to dismiss the fraud claims, it also declines to dismiss the negligent misrepresentation claim.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 6

to dismiss the claim in a motion for summary judgment.

Clark Nuber notes in its current motion that plaintiffs have not alleged the existence of a contract with Sedlock or Dubeck. Plaintiffs did not respond to that argument, and the third amended complaint is devoid of any such allegations. Accordingly, the Court dismisses the breach of contract claim against Sedlock and Dubeck. However, the Court declines to dismiss Ms. Malone's breach of contract claim. Plaintiffs contend that her claim is based on work performed for the benefit of the marital community, and Clark Nuber did not respond to that argument.

Clark Nuber also contends, and the Court finds, that plaintiffs' rescission claim must fail because they have not identified any agreements with Clark Nuber that they seek to rescind. Instead, they seek to rescind the Coastal Trading Common Trust Fund Series III and IV subscription agreements, but those agreements were not with Clark Nuber. Accordingly, plaintiffs' rescission claim against Clark Nuber is dismissed.

### 2. The WSSA Claim.

The Order dismissed plaintiffs' WSSA claim for "controlling person" liability. Because plaintiffs have not bolstered that claim, Clark Nuber argues that it should be dismissed with prejudice. Clark Nuber also contends that plaintiffs have not stated a claim for a misrepresentation in connection with the sale of a security. Plaintiffs did not respond to Clark Nuber's arguments to dismiss their WSSA claim, a signal that the request has merit under Local Rule 7. The Court dismisses plaintiffs' WSSA claim against Clark Nuber with prejudice.

Furthermore, the third amended complaint states that defendants' violations of the WSSA are "derivatively violations of the Washington Criminal Profiteering Act, RCW 9A.82 *et seq.* and the Washington Unfair Business Practices/Consumer Protection Act, RCW 19.86 *et seq.*" Third Amended Complaint at ¶ 379. The Order dismissed plaintiffs' claim for violations of the CPA with prejudice and dismissed the Criminal Profiteering Act claim without prejudice. Although Clark Nuber argued that plaintiffs cannot now "derivatively" assert those claims,

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 7

plaintiffs did not respond to that argument or offer any explanation for reasserting those claims. The Order dismissed the Criminal Profiteering Act claim because plaintiffs did not identify any predicate criminal conviction against Clark Nuber. The third amended complaint does not do so. Accordingly, the Order's prior dismissal of the CPA and Criminal Profiteering Act claims stands.

### 3. Civil Conspiracy.

Clark Nuber contends that the Court should dismiss plaintiffs' claim for joint venture conspiracy in part because plaintiffs have not described the terms of the alleged contract to conspire. However, the third amended complaint also alleges that "the intent of the parties to form a joint venture agreement can be gleaned from their conduct, from the transactions between them, and from the surrounding circumstances." Third Amended Complaint at ¶ 321. Plaintiffs have sufficiently alleged that Clark Nuber conspired with the other defendants to induce plaintiffs to invest in CTF while failing to disclose that the transaction lacked economic substance.

Clark Nuber further argues that plaintiffs have failed to meet the heightened pleading standard for a conspiracy. However, the conspiracy claim is based on the same allegations as plaintiffs' fraud claim, which the Court has found was sufficiently pled. Although plaintiffs may be unable to prove their allegations, they are sufficient at this stage of the proceedings.

### 4. Damages.

The Order dismissed plaintiffs' claims for treble damages, attorney's fees, back taxes, the loss of the value of whatever benefit they might have obtained from CTF, and interest owed to the IRS. The Order explained that the complaint was deficient because plaintiffs failed to plead the basis for their alleged emotional distress damages and warned that the Court would dismiss the claim if plaintiffs failed to augment it. The third amended complaint does not set forth a basis for emotional distress damages. Instead, it simply alleges in conclusory fashion that defendants' actions have caused plaintiffs "emotional distress and anxiety." Third Amended

Complaint at ¶ 342. Accordingly, that claim is dismissed.

Clark Nuber notes that the November 13, 2001 engagement letter, signed by Clark Nuber and Malone, states, "In the event of any lawsuit regarding the Common Trust Fund Investment, your damages will be limited to aspects of the investment related to the tax opinion i.e. any penalties if ever assessed on the transaction." Third Amended Complaint, Ex. 3. Based on that provision, Clark Nuber contends that plaintiffs are barred from seeking damages other than the amount of the penalty assessed. However, plaintiffs note that the letter was signed for Clark Nuber by Sedlock, who is an attorney. Attorneys are precluded from making "an agreement prospectively limiting the lawyer's liability to a client for malpractice unless permitted by law and the client is independently represented in making the agreement." Washington Rule of Professional Conduct 1.8(h)(1). At this stage in the proceedings, Sedlock's role and the circumstances surrounding the signing of the letter are not evident. Moreover, Clark Nuber did not respond to plaintiffs' argument. Accordingly, the Court declines to further limit plaintiffs' damages.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Clark Nuber's motion to dismiss (Dkt. #202). The Court dismisses plaintiffs' claims for rescission, constructive trust, unjust enrichment, criminal profiteering, a violation of the Consumer Protection Act ("CPA"), any "derivative" claims under the CPA and Criminal Profiteering Act, a violation of the WSSA, and any professional negligence claim based on an alleged violation of a code of professional responsibility. The Court also dismisses plaintiffs' claims for breach of contract against Sedlock and Dubeck, breach of the duty of good faith and fair dealing, breach of an oral agreement, and breach of the subscription agreements. In addition to the damages claims dismissed in the Order, the Court dismisses plaintiffs' claim for emotional distress damages.

Plaintiffs may proceed with their remaining claims, which include breach of fiduciary

duty, fraud, misrepresentation, breach of a written contract with Clark Nuber, civil conspiracy, and negligence.

DATED this 16th day of April, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS - 10