UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

    Plaintiffs,

    v.

CLARK NUBER, P.S., *et al.*,

    Defendants.

Case No. C07-2046RSL

ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT AND TO STRIKE PORTIONS OF THE THIRD AMENDED COMPLAINT

## I. INTRODUCTION

This matter comes before the Court on a motion for a more definite statement and to strike portions of plaintiffs' third amended complaint filed by the remaining defendants: Multi National Strategies, LLC; Coastal Trading, LLC; Michael Schwartz; David Schwartz; Clark Nuber, P.S.; Thomas Sedlock; and James Dubeck (collectively, "defendants"). Defendants seek an order requiring plaintiffs to file a fourth amended complaint "which includes only allegations and exhibits material to the limited parties and claims left in this case and which does so in a 'short and plain statement' of such claims as required by" Federal Rule of Civil Procedure 8. Defendants' Motion at p. 1.

ORDER DENYING MOTION FOR A MORE
DEFINITE STATEMENT AND TO STRIKE - 1

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A party may also move pursuant to Federal Rule of Civil Procedure 12(f) to strike "any redundant, immaterial, impertinent, or scandalous matter."

Plaintiffs argue that defendants are precluded from bringing this motion because they have filed previous Rule 12 motions that either did or could have raised the same issues.  Federal Rule of Civil Procedure 12(g)(2) states that except in circumstances not relevant here, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  The Advisory Committee Notes to the rule explain, "This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case."  Advisory Committee Notes to Rule 12(g), 1966 Amendment.  In this case, defendants argue that they did not waive the issues because they raised them in prior motions.  That argument, however, does not address the need to avoid piecemeal litigation.  Defendants have each filed two prior motions to dismiss.  The most recent motions to dismiss actually addressed or should have addressed all of the issues defendants now raise in this motion.[1]  Furthermore, in denying the motions to dismiss on some claims, the Court held that those claims are sufficient at this stage.  The Court will not accept previously unavailing arguments now just because a new rule is cited.

Moreover, the Court and the parties have been litigating motions to dismiss for approximately a year and a half.  All the while plaintiffs have been precluded from conducting

---

[1] Defendants cite a single example of a claim that was previously unavailable to them: they could not previously argue that the Court dismissed the claims against the Ahrens and Enterprise defendants.  The factual allegations against those defendants, however, are still relevant to plaintiffs' current claims, particularly in light of their conspiracy allegations.

ORDER DENYING MOTION FOR A MORE
DEFINITE STATEMENT AND TO STRIKE - 2

discovery. Although the Court has recognized the disorganized nature of plaintiffs' third amended complaint, it cannot permit defendants to serially raise Rule 12 motions indefinitely. Therefore, the motion is denied under Rule 12(g)(2).

Finally, the third amended complaint, though lengthy and disorganized, is not so much so that defendants cannot understand the allegations therein and respond to them. In fact, their motions to dismiss demonstrate that they understand the allegations, and plaintiffs have clarified the issues in their responsive memoranda. To the extent that defendants are actually unable to answer portions of the third amended complaint, the Rules permit them to so state in their answer. Despite the breadth of the third amended complaint, plaintiffs will not be permitted to conduct overly broad discovery.

### III. CONCLUSION

For all of the foregoing reasons, defendants' motion for a more definite statement and to strike portions of the third amended complaint is DENIED (Dkt. #214).

DATED this 11th day of June, 2009.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge