UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MALONE, *et al.*,

  Plaintiffs,

  v.

CLARK NUBER, P.S., *et al.*,

  Defendants.

Case No. C07-2046RSL

ORDER GRANTING
MOTION TO COMPEL

This matter comes before the Court on a motion to compel filed by defendants Clark Nuber, P.S., Thomas Sedlock, and Jim Dubeck (collectively, the "CN defendants"). The CN defendants seek to compel plaintiffs to produce documents responsive to their requests for production.

On August 6, 2009, the CN defendants served their discovery requests on plaintiffs. Plaintiffs served responses over two months later. The responses included objections, a limited number of substantive responses, and the production of a few documents. Plaintiffs did not move for a protective order. After exchanging letters, the parties' counsel conducted a telephone conference on December 21, 2009. Despite the lengthy conference, the parties were unable to resolve their disagreements regarding seven of the requests for production.

ORDER GRANTING
MOTION TO COMPEL - 1

A.  **Meet and Confer Requirement.**

As an initial matter, plaintiffs contend that the CN defendants failed to confer with them in good faith prior to filing this motion. In support of that contention, plaintiffs vaguely cite to "Malone Declaration, dated January 4, 2010." Plaintiffs' Opposition at p. 1. Plaintiffs' vague citation fails to comply with Local Rule 10(e)(6). Regardless, Malone's declaration does not support plaintiffs' contention, in part because Malone was not present during the telephone conference between counsel. Although Malone states in his declaration that the CN defendants should not have moved to compel because he "would have produced the documents," he also states that he did not even begin to search for responsive documents until after the motion was filed. Malone Decl. at ¶¶ 3, 4. Furthermore, Malone's contention that he would have produced the documents is belied by his counsel's assertion, in a letter dated December 22, 2009, that plaintiffs would not produce the documents at issue in this motion.

Despite claiming that the conference did not satisfy Local Rule 37, plaintiffs' counsel did not provide a declaration explaining his view of counsel's conference. In contrast to the dearth of evidence provided by plaintiffs' counsel, the CN defendants' counsel provided a declaration stating that counsel agreed during their telephone conference that it satisfied the meet and confer requirement. Schmidt Decl. at ¶¶ 2, 3; <u>see also</u> Motion at p. 10 (containing a sworn certification from counsel that she complied with Rule 37).[1] Accordingly, the Court finds that the CN defendants met and conferred in good faith prior to filing this motion.

B.  **The Settlement Agreements.**

The CN defendants requested that plaintiffs provide copies of settlement agreements

---

[1] Although the Court finds that the CN defendants ultimately met and conferred in good faith, it notes that two of defense counsel's letters inappropriately threatened to file a motion to compel without first conferring by telephone or in person. Motion, Exs. C ("If we do not receive all such documents and information by [a specified date], we reserve the right to file a motion to compel without conducting any further discovery conferences."); Ex. D (threatening to file a motion if responses were not received by a certain date).

ORDER GRANTING
MOTION TO COMPEL - 2

between plaintiffs, defendants, and/or nonparties to this lawsuit. Plaintiffs' only objection the request is that the agreements, pursuant to their terms, may not be disclosed except by court order. Plaintiffs do not dispute the CN defendants' contentions that (1) plaintiffs were required to provide copies of the agreements under RCW 4.22.060, and (2) the agreements are relevant to the CN defendants' affirmative defense that the settlement payments plaintiffs received from other defendants should be applied as setoffs against any damages awarded against the CN defendants. Because plaintiffs do not dispute the relevance of the requested documents, the Court orders plaintiffs to produce them.

**C.     The Financial Documents.**

The CN defendants also requested that plaintiffs provide various financial documents, including documents relating to plaintiffs' payments of IRS penalties, financial statements for plaintiffs and entities in which plaintiffs have or had an ownership interest, documents relating to plaintiffs' real property, and documents relating to plaintiffs' loans and financing. In response to all five of those requests for production, plaintiffs interposed the same objection:

> Plaintiffs object to this request on the grounds that it is vague, overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs respond as follows: Plaintiffs refer to and incorporate all documents previously produced. Discovery is continuing. Plaintiffs reserve the right to supplement their response to these document requests.

Plaintiffs' objection provides no substantive information. It is also unclear regarding what, if any, responsive documents have already been produced. In response to the motion, plaintiffs do not contend that they have already produced responsive documents. Instead, they contend that the requested documents are "very personal." However, the very nature of plaintiffs' claims implicates their personal financial information. Moreover, although Malone claims that it will be burdensome and time-consuming for him to comply with the discovery requests, he does not argue that compliance will be overly burdensome. Nor does he support his claim of burden with any specifics. Not only is plaintiffs' burden contention unsupported, it is not well taken in light of plaintiffs' decision to file a 444-paragraph complaint. Having chosen to proceed with such

ORDER GRANTING
MOTION TO COMPEL - 3

broad allegations, they cannot complain when defendants seek broad discovery.

Plaintiffs also argue that the requested information is not relevant because they believe that the CN defendants' counterclaim for breach of contract is legally untenable. However, plaintiffs never filed a motion to dismiss the counterclaim, so it remains viable. Regardless, the requested discovery also relates to other counterclaims, which allege that Malone represented to the CN defendants that he would deposit certain assets into an account and maintain that account until the risk of an IRS audit had passed. The CN defendants contend that they relied on that representation to their detriment. The requested documents may show whether plaintiffs complied with that alleged requirement.

The requested documents also relate to the CN defendants' affirmative defenses. Those defenses, which included comparative fault, unclean hands, failure to mitigate, assumption of the risk, fault of others, and setoff, assert that as a result of the investment that forms the basis for this lawsuit, plaintiffs had the use of over $3.6 million for at least five years before they had to repay the IRS. The requests seek documents reflecting the payment of the penalty and plaintiffs' use of the funds in the interim. The requested documents are relevant to those issues.

Accordingly, the Court GRANTS the CN defendants' motion to compel (Dkt. #229). Plaintiffs must produce the requested documents within twenty days of the date of this order.

The CN defendants also request that the Court award them their reasonable attorney's fees incurred in bringing the motion pursuant to Federal Rule of Civil Procedure 37(a)(5), which provides, "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The issue of whether to award fees is a close call. On one hand, although the CN defendants complain that they were forced to bring a motion over the holidays, they offer no explanation for what appears to have been an arbitrary, self-imposed deadline. Moreover, by filing the motion on December 23, 2009, they forced plaintiffs, but not

ORDER GRANTING
MOTION TO COMPEL - 4

themselves, to work on the motion over the Christmas and New Years holidays.  The Court does not condone such behavior, which tends to degrade the civility of the practice.  On the other hand, regardless of the timing of the filing, the record supports the CN defendants' contention that they were forced to bring a motion because of plaintiffs' refusal to provide relevant documents.  By the time the CN defendants filed their motion, four and half months had passed since they served their discovery requests.  Plaintiffs refused to provide copies of the settlement agreements or the financial records requested.  Their letter, sent the day after the discovery conference, confirmed that plaintiffs would not produce those documents.  Nor did plaintiffs move for a protective order.  They left the CN defendants no choice but to move to compel. Although plaintiffs contend that the documents sought are not relevant to the CN defendants' breach of contract claim, they did not address defendants' contention that the documents are relevant to other counterclaims and affirmative defenses.  For that reason, plaintiffs' refusal to provide the documents was not substantially justified.  Nor would an award of fees be unjust. Accordingly, the Court will award the CN defendants their reasonable attorney's fees incurred in bringing this motion. Within twenty days of the date of this order, their counsel should file a declaration setting forth those fees with supporting billing records.  They should not seek fees related to the Rule 37 conference or to the threatening letters, but instead should set forth only the fees incurred in "making the motion."  Fed. R. Civ. P. 37(a)(5).

DATED this 8th day of February, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO COMPEL - 5